MICHELINA MASSARO, Respondent, v. GLENS FALLS INSURANCE COMPANY, Appellant.— Judgment and order affirmed, with costs. PER CURIAM. Whether respondent was the sole and unconditional owner of the automobile which was burned was a question of fact. We think that the finding of the jury upon that subject cannot be said to be against the weight of the evidence. We have reached the conclusion that there was no double insurance on the car in question. The policy in the Cayuga County Farmers' Insurance Company covered "farm implements, carriages, sleighs, harness, robes and automobiles." The by-laws of that company, which are made a part of the policy, provide that "all implements used on the farm, including dairy implements, automobiles, truck, trailers and tractors, are insured as farm implements." We think that the "automobiles" covered by that policy are those which are used upon the farm. The burned car was not so used, and is not, in our opinion, covered by the policy written by that company. For these reasons, we think that the judgment appealed from should be affirmed. All concur. Present — Sears, P. J., Crouch, Taylor, Edgcomb and Thompson, JJ.

FOSTER A. GILLILAND and Others, Plaintiffs, v. LINCOLN-ALLIANCE BANK AND TRUST COMPANY, Appellant, and ABNER M. BUCKLAND, Respondent, Impleaded with Other Defendants.— Order modified by striking out the second and fourth paragraphs of the requirement for a bill of particulars, and by amending the first, third and fifth paragraphs thereof so as to read as follows: 1. The particulars in which the defendant, Abner M. Buckland, misappropriated or allowed to be misappropriated the assets of the water district as alleged in paragraph eleventh of said pleading other than as alleged in paragraph fifteenth. 3. The particular respects in which the defendant, Abner M. Buckland, actively aided and abetted Harold L. Klink in the misappropriation of said funds as alleged in paragraph fifteenth of said pleading if it is intended by such allegations to allege an aiding or abetting other than as set forth in paragraph fifteenth beginning with the words "wrongfully and in breach." 5. The particulars of the malfeasance, misfeasance and nonfeasance of the defendant, Abner M. Buckland, as alleged in paragraph sixteenth of said pleading if acts of the defendant, Abner M. Buckland, are intended to be alleged other than those set forth in paragraph fifteenth or elsewhere in the bill of particulars. As so modified the order is affirmed, without costs of this appeal to either party. All concur. Present — Sears, P. J., Crouch, Taylor, Edgcomb and Thompson, JJ.